# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-930V
Filed: December 23, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| DEBBIE BRETAG, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Anne C. Toale, Maglio Christopher & Toale, P.A. Law Firm, Sarasota, FL, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 22, 2013, Debbie Bretag ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on November 22, 2011, she suffered Guillain-Barré Syndrome ("GBS"). Petition at ¶¶ 1, 7. On October 20, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued that same day.

On December 1, 2016, petitioner filed an application for attorneys' fees and costs, requesting $31,513.80 in attorneys' fees and $4,444.96 in attorneys' costs, for a total fees and

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

costs request of $35,958.76. Petitioner's ("Pet.") Application ("App.") at 1-2. In accordance with General Order #9, petitioner states that she did not incur any costs related to the litigation of this matter. Pet. Ex. 27. Respondent filed a response to petitioner's application on December 19, 2016, stating that "[r]espondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response at 3.

I. **Attorneys' Fees and Costs**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).

The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton, 3 F.3d at 1520. Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

a. **Hourly Rates**

Maglio Christopher & Toale ("MCT") has offices in Washington, D.C., and Sarasota, Florida. Pet. Ex. 29 at 1. Counsel of record in this case, Anne Toale, practices out of the Sarasota office, and work was performed by both Sarasota and Washington paralegals. See Pet.

Ex. 25; Pet. Ex. 29 at 2-3.  Petitioner requests the following hourly rates: $300 per hour for attorney Altom Maglio[3] for work performed in 2013; $300 per hour for attorney Anne Toale for work performed from 2013 to 2015; $367 per hour for work performed by Ms. Toale in 2016; $135 per hour for Florida registered/certified paralegals; $105 per hour for Florida non-registered/certified paralegals; and $145 per hour for Washington, D.C., paralegals.  See generally Pet. Ex. 25; Pet. Ex. 29 at 3.

> **i.    Sarasota Paralegals and Attorneys**

The undersigned recently addressed the issue of reasonable rates for attorneys and paralegals in MCT's Sarasota office in Foster v. Sec'y of Health & Human Servs., No. 14-309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 15, 2016).  The rates of $105 per hour for Florida non-registered/certified paralegals and $135 per hour for Florida registered/certified paralegals are consistent with the rates found reasonable in Foster and other recent cases, and the undersigned again finds them reasonable.  Foster, 2016 WL 7233943 at *2; see also O'Neill v. Sec'y of Health & Human Servs., No. 08-243V, 2015 WL 2399211, at *5 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

The rate of $300 per hour requested for Mr. Maglio and Ms. Toale for work performed from 2013 to 2015 is also consistent with the rates awarded in Foster, and the undersigned finds it reasonable.  See Foster, 2016 WL 7233943 at *3; see also O'Neill, 2015 WL 2399211, at *5 (MCT attorneys with 17 years of experience were awarded $300 per hour for work performed in 2011-2013).  Ms. Toale has approximately 24 years of experience and Mr. Maglio has approximately 20 years of experience.  Pet. Ex. 28 at 1.[4]

The undersigned finds Ms. Toale's requested rate of $367 per hour for work performed in 2016, reasonable.  Forum rates should be awarded except where local rates are very significantly different than forum rates.  Avera, 515 F.3d at 1348; Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999); Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Apr. 29, 2016), aff'd, 2016 WL 4784054 (Fed. Cl. 2016).  Special Master Corcoran recently found that MCT should receive forum rates for its Sarasota-based counsel, as he determined that Sarasota rates were not sufficiently different to apply the Davis exception.  Dezern v. Sec'y of Health & Human Servs., No. 13-643V, 2016 WL 6678496, at *6 (Fed. Cl. Spec. Mstr .Oct. 14, 2016).  In Dezern, Special Master Corcoran conducted a thorough review of the local rates in Sarasota compared to the forum rates, and the undersigned agrees with the analysis therein.

---

[3] Mr. Maglio is identified as "AMM" in the billing record.  See Pet. Ex. 25 at 3.

[4] Information regarding Mr. Maglio's experience was not submitted, but according to MCT's website, Mr. Maglio received his J.D. in 1996.  See https://www.mctlawyers.com/team/altom-maglio/.

3

The issue of reasonable 2014-2015 forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Under McCulloch, the range of reasonable forum rates for an attorney with more than 20 years of experience is $350 to $425 per hour. Id. at *19. In determining an attorneys' rate within the appplicable experience-based range, factors to be considered include an attorney's experience in the Vaccine Program, the quality of work performed in Program cases, and their reputation in the legal community and community at large. Id. at *17. Ms. Toale has 24 years of legal experience, and has had hundreds of cases in the Vaccine Program. Pet. Ex. 28 at 1. Vaccine cases have been her sole focus of practice since 2003, and she is a founding member of the Vaccine Injured Petitioners' Bar Association. Id. at 2; Pet. Memorandum of Law at 3-4. The undersigned also notes that Ms. Toale requests $300 per hour for work performed between 2013 and 2015, which is below the $350 to $425 per hour range that McCulloch found reasonable for an attorney with her years of experience. Accordingly, based on her overall legal experience, experience in the Vaccine Program, and quality of representation in Program cases and reputation in the community, the undersigned finds the requested 2016 rate of $367 per hour reasonable for Ms. Toale.

### ii. Washington, D.C. Paralegals

Petitioner requests a rate of $145 per hour for Washington, D.C. paralegals for work performed in 2014 and 2015. Pet. Ex. 25 at 10-14; Pet. Ex. 29 at 3. As stated above, reasonable 2014-2015 forum rates were recently ruled upon by the undersigned in McCulloch. In McCulloch, a reasonable rate for work performed by paralegals in 2014-2015 was found to be $135 per hour. Id. at *21. Following McCulloch, the undersigned has awarded a rate of $135 per hour to MCT's Washington, D.C., paralegals for work performed in 2015. See Foster, 2016 WL 7233943, at *2; Ferguson v. Sec'y of Health & Human Servs., No. 14-975V, 2016 WL 4140949 (Fed. Cl. Spec. Mstr. July 11, 2016). In this case, as in Foster, petitioner submitted affidavits from two paralegals, Danielle Caimona and Kristine Heefner, to support their requested Washington paralegal rate. See Pet. Ex. 30. Ms. Caimona is a paralegal at Brown, Goldstein and Levy, LLP, in Baltimore County, Maryland, and states that her billing rate is $175 per hour. Id. at 1. Ms. Heefner is a paralegal at Odin, Feldman & Pittleman, PC, in Reston, Virginia, and likewise states that her billing rate is $175 per hour. Id. at 2. Forum rates for 2014 and 2015 were arrived at after careful consideration of extensive rate evidence submitted in McCulloch, and the undersigned declines to depart from the rates established in McCulloch for the Washington, D.C., paralegals in this case. The undersigned finds the McCulloch rate of $135 per hour reasonable for work performed by the Washington, D.C., paralegals in this case during 2014 and 2015. The Washington D.C. paralegals performed 5.7 hours of work on this case. Pet. Ex. 25 at 10-14. Accordingly, petitioner's requested attorneys' fees will be reduced by $57.00.

### b. Hours Expended

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable, with the exception of 2 hours of time Mr. Maglio billed at full rate for

travel to a client meeting on October 8, 2013. Pet. Ex. 25 at 3. Petitioner's counsel states that other attorneys in Sarasota, Florida, charge their full hourly rate for travel time. Pet. Ex. 28 at 2. It is well established in the Vaccine Program, however, that travel time is compensated at 50 percent of counsel's usual hourly rate unless sufficient documentation exists indicating that work was performed while traveling. See Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 791 (2010); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. July 27, 2009); Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007); Scoutto v. Sec'y of Health & Human Servs., No. 90-3576V, 1997 WL 588954 (Fed. Cl. Spec. Mstr. Sept. 5, 1997). Thus, time during which counsel was prevented from performing work tasks is *not* generally compensated in the Program at the full hourly rate. The 2 hours of travel time billed On October 8, 2013, will be compensated at 50 percent of Mr. Maglio's 2013 hourly rate of $300 per hour. Accordingly, the attorneys' fees requested by petitioner will be reduced by $300.

### c. Costs

Petitioner requests compensation for $4,444.96 in attorneys' costs. See Pet. Ex. 26. The costs consist primarily of medical record costs, the court filing fee, and costs related to a client visit. See generally, Pet. Ex. 26. The undersigned finds the requested costs reasonable.

## II. Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $35,601.76 reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

(1) **A lump sum of $35,601.76 in the form of a check payable jointly to petitioner and petitioner's counsel, Anne C. Toale, of Maglio Christopher & Toale, P.A., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

                                            **s/Thomas L. Gowen**
                                            Thomas L. Gowen
                                            Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.